IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **THADDEUS D. SMITH, SR.,** : | |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | CIVIL ACTION NO. 15-00622-KD-B |
| : | |
| **THE STATE OF ALABAMA CIRCUIT** : | |
| **COURT OF MOBILE COUNTY,** *et al.*, : | |
| : | |
| Defendants. : | |

**REPORT AND RECOMMENDATION**

Plaintiff Thaddeus D. Smith, Sr., who is proceeding *pro se*, filed a self-styled Complaint and Motions to Proceed Without Prepayment of Fees ("Motion"). (Docs. 1, 2, 4). Plaintiff's motions are referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S), which authorizes the undersigned to determine all motions in civil cases. A review of Plaintiff's motions reveal that he is indigent and is unable to pay the $400.00 filing fee. Accordingly, it is **ORDERED** that Plaintiff's motions be **GRANTED**.

The consideration of Plaintiff's motions requires this Court to also screen Plaintiff's action pursuant to 28 U.S.C. § 1915(e)(2)(B). Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir.

2002) (applying § 1915(e) to non-prisoner actions).[1]  Based upon a careful screening of the present action, it is recommended, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), that this action be dismissed without prejudice for failure to state a claim upon which relief can be granted.

## I. Nature of Proceedings.

The complaint before the Court is an Amended Complaint (Doc. 6) that the Court ordered Plaintiff to file because his original Complaint (Doc. 1) consisted merely of state-court orders and documents. In the absence of a short and plain statement of his claims, Plaintiff was directed to file an Amended Complaint. (Doc. 5).  In his Amended Complaint, Plaintiff lists the jurisdictional grounds for this action as 42

---

[1] Section 1915(e)(2)(B) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>     (A) the allegation of poverty is untrue; or
>
>     (B) the action or appeal -
>         (i) is frivolous or malicious;
>         (ii) fails to state a claim on which relief may be granted; or
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

U.S.C. § 1983 and the Fifth and Fourteenth Amendments of the U.S. Constitution. The defendants are identified as The State of Alabama Circuit Court of Mobile County ("Circuit Court") and Mobile County Sheriff's Department ("Sheriff's Department"). (Doc. 6 at 1).

As drafted, the Amended Complaint is a brief document that contains many conclusory and vague terms, which fail to convey a clear claim. The following is a description of the allegations contained in the Amended Complaint, as best the Court can discern. The Sheriff's Department gave a falsified legal document to the Circuit Court, thereby violating Plaintiff's due process rights. (Id.). The Circuit Court violated fundamental fairness when it dismissed the case involving the falsified documents. (Id. at 2).

The few facts offered in support of Plaintiff's vague claims are that the Sheriff's Department falsely stated in documents that it was unable to be serve Ms. Davis (who is an employee of the Sheriff's Department) in case 02-DR-2004-502442.01, after three attempts, notwithstanding the fact that Plaintiff paid, through the Circuit Court, to have the Sheriff's Department to serve Ms. Davis. (Id.). As best the Court can discern, Plaintiff is alleging that the documents "in question" were given to the Circuit Court in case 02-DR-2004-502442.03, a

3

case in which the Circuit Court is alleged to have violated his due process rights. (Id.). The nature of the violation is not clear. According to Plaintiff, he "received rescheduling dates for said proceedings at the Plaintiff's expense using said documents while the Plaintiff's case was dismissed without a rescheduling or adequately being served as Ms. Davis in said case (sic)." (Id.). Plaintiff's claim against the Circuit Court appears to relate to either his dissatisfaction with the Circuit Court's handling of the case or his belief that a ruling in the case was not fair.

For relief, Plaintiff requests $125,000 and "any other relief that may be appropriate, including injunctive orders, damages, costs and attorney's fees per defendant listed the Mobile County Sheriff's Department and The Mobile County Circuit Court (sic)." (Id.).

Due to the lack of clear information in the superseding Amended Complaint, the Court again reviewed the documents filed as the original complaint. These documents, which bear dates between April 9, 2012 and December 2, 2013, consist of orders and documents that bear case numbers which correspond with the case numbers listed in Plaintiff's Amended Complaint. They appear to relate to Plaintiff's divorce action in state court. (Doc. 1). In the documents, Plaintiff complains about being

deprived of court ordered visitation with his daughter due to lack of cooperation from Plaintiff's former wife.  (Id.).

II. **Applicable Legal Standards**.

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing his Amended Complaint (Doc. 6) under 28 U.S.C. § 1915(e)(2)(B).  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).[2]  A claim is frivolous as a matter of law where, *inter alia,* the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist.  Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007).  "A claim has

---

[2] Neitzke's interpretation of 28 U.S.C. § 1915(d) is applied to § 1915(d)'s superseding statute, 28 U.S.C. § 1915(e)(2)(B). Bilal v. Driver, 251 F.3d 1346, 1348-49 (11th Cir.), cert. denied, 534 U.S. 1044 (2001).


facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Furthermore, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct. 910, 920-21, 166 L.Ed.2d 798 (2007).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney, Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972), but it does not have "license . . . to rewrite an otherwise deficient pleading in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998),

*overruled on other grounds by* Randall v. Scott, 610 F.3d 791, 709 (11th Cir. 2010) (relying on Iqbal, 556 U.S. 662, 129 S.Ct. 1937). Furthermore, a court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. Iqbal, 566 U.S. at 681, 129 S.Ct. at 1951. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

**III. Analysis.**

In his Amended Complaint, Plaintiff identified the basis of the Court's jurisdiction as 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments. However, Plaintiff cannot proceed directly under these Amendments. He must instead bring his claims solely under 42 U.S.C. § 1983, because Congress provided a statutory method for enforcing a deprivation of constitutional rights by state actors. GeorgiaCarry.Org, Inc. v. Georgia, 687 F.3d 1244, 1253 n.15 (11th Cir.)("Where a statute provides an adequate remedy, we will not imply a judicially created cause of action directly under the Constitution."), *cert. denied*, 133 S.Ct. 856 (2013); Williams v. Bennett, 689 F.2d 1370, 1390 (11th Cir.)(Because Congress provided an "adequate alternative remedial scheme" against state actors under § 1983, a direct

7

action under the Eighth and Fourteenth Amendments is barred), *cert. denied*, 464 U.S. 932 (1983).

Turning to Plaintiff's claims under § 1983, in order to state a claim under this section, Plaintiff must establish: "(1) . . . the conduct complained of was committed by a *person* acting under color of state law; and (2) . . . this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981) (emphasis added), *overruled on other grounds by* Daniels v. Williams, 474 U.S. 327, 330-31 (1986).  In the present action, the entities named as Defendants, The State of Alabama Circuit Court of Mobile County and the Mobile County Sheriff's Department, are not considered "persons" who can be sued in a § 1983 action.

"The law is established that courts are not persons within the meaning of 42 U.S.C. § 1983." Jackson v. Circuit Courts of Houston Cnty., 2010 U.S. Dist. LEXIS 40203, 2010 WL 1658556, at *3 (M.D. Ala. April 22, 2010) (unpublished) (citing Moity v. Louisiana State Bar Ass'n, 414 F.Supp. 180, 182 (E.D. La.), *aff'd*, 537 F.2d 1141 (5th Cir. 1976)).[3]  "[I]f [courts] were

---

[3] The Eleventh Circuit in Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as binding precedent the

[persons], the action would be barred by the Eleventh Amendment, anyway." Ellis v. Alabama, No. Civ.A. 05-0117-P-M, 2005 WL 1388064, at *4 (S.D. Ala. 2005) (unpublished) (quotation marks and citation omitted). Moreover, "a court is not a person amenable to suit under § 1983." Williams v. Weaver, 2000 U.S. Dist. LEXIS 18076, 2000 WL 1844684, at *4 n.5 (S.D. Ala. 2000 Oct. 17, 2000) (unpublished). Similarly, an Alabama "Sheriff's Department is not a legal entity and, therefore, is not subject to suit or liability under section 1983." Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992); see Curtis v. Baldwin Cnty. Corrs. Ctr., 2009 U.S. Dist. LEXIS 73800, 2009 WL 2596495, at *1 (S.D. Ala. 2009 Aug. 4, 2009)(unpublished) (same). Because Plaintiff has not named a suable entity, this action is due to be dismissed for failure to state a claim upon which relief can be granted[4].

---

decisions of the former Fifth Circuit rendered prior to October 1, 1981.

[4] The undersigned also notes that it does not appear that a claim over which this Court has jurisdiction can be stated through an amendment. That is, a § 1983 action based on a dispute over child visitation is not typically an action over which this Court has subject matter jurisdiction. Even though Plaintiff has not clearly articulated his claims, it appears that he is seeking to involve this Court in visitation matters arising from a state-court divorce and custody proceedings and the state court's handling of those matters. Federal courts, however, do not have jurisdiction over cases involving "the issuance of a

9

**IV. Conclusion.**

Based upon the foregoing reasons, it is recommended that pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) this action be dismissed without prejudice for failure to state a claim upon which relief can be granted.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

---

divorce, alimony, or child custody decree." Ankenbrandt v. Richards, 504 U.S. 689, 704, 112 S.Ct. 2206, 2215, 119 L.Ed.2d 468 (1992); see Ingram v. Hayes, 866 F.2d 368, 369 (11th Cir. 1988) ("federal courts generally dismiss cases involving divorce and alimony, child custody, visitations rights, establishment of paternity, child support, and enforcement of separation or divorce decrees still subject to state court modification").

Additionally, to the extent Plaintiff seeks review of visitation orders issued by the state court, such a claim would also be precluded under the Rooker-Feldman doctrine. According to the Rooker-Feldman doctrine, a federal district court lacks subject matter jurisdiction to review final state-court judgments. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 103 S.Ct. 1303, 1311, 75 L.Ed.2d 206 (1983); Rooker v. Fidelty Trust Co., 263 U.S. 413, 416, 44 S.Ct. 149, 150, 68 L.Ed.2d 362 (1923); Rolleston v. Eldridge, 848 F.2d 163, 165 (11th Cir. 1988) ("Federal courts may not decide federal issues that are raised in state proceedings and 'inextricably intertwined' with the state court's judgment.") (quotation marks and citation omitted); Staley v. Ledbetter, 837 F.2d 1016, 1017 (11th Cir. 1988)(where the plaintiff sought to collaterally challenge the state agency and court proceedings that terminated her parental rights, the Eleventh Circuit held that the Rooker-Feldman doctrine deprived the district court of jurisdiction over the plaintiff's claims based on alleged violations of the Equal Protection and Due Process Clauses.)

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); F̲ED̲.R.C̲IV̲.P. 72(b); S.D. Ala. Gen.LR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **31st** day of **May, 2016.**

                                           /S/ SONJA F. BIVINS
                                     **UNITED STATES MAGISTRATE JUDGE**